## TRENTACOSTE v. CRONIN.

(Supreme Court, Appellate Division, First Department.    May 7, 1909.)

1. MASTER AND SERVANT (§ 286*) — LIABILITY FOR INJURIES — WAYS USED IN WORK—QUESTION FOR JURY.

A servant was employed to wheel dirt at night along a wharf to a scow over a loose plank, and fell into the water and was drowned. *Held*, that the plank was a way which it was the duty of the master to make reasonably safe, and it was a question for the jury whether the master had fulfilled this duty.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1010; Dec. Dig. § 286.*]

2. MASTER AND SERVANT (§ 288*) — LIABILITY FOR INJURIES — QUESTION FOR JURY—ASSUMPTION OF RISK..

It was a question for the jury whether the servant, knowing the insecurity of the way, assumed the risk.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1076, 1077; Dec. Dig. § 288.*]

Appeal from Trial Term, New York County.

Action by Giacomo Trentacoste, as administrator of Ciro Trentacoste, against Bartholomew S. Cronin. Judgment dismissing complaint after trial, and plaintiff appeals. Reversed.

Argued before PATTERSON, P. J., and LAUGHLIN, HOUGHTON, McLAUGHLIN, and SCOTT, JJ.

Andrew S. Fraser, for appellant.
Charles W. Church, Jr., for respondent.

PER CURIAM. The plaintiff appeals from the dismissal of his complaint. The action is a statutory one by an administrator for damages for the death of his intestate. The evidence showed that the deceased, a laborer, was employed in the nighttime in wheeling dirt along a wharf or pier and by means of a plank to a scow lying alongside. As he was walking along this plank, which was not fastened either to the wharf or the scow, it moved or tilted, and he fell into the water and was drowned.

The plank was undoubtedly a "way," and it was the duty of defendant to furnish a way which was reasonably safe both as to its construction and its lighting. We are of the opinion that, upon the evidence, it was a question for the jury whether or not defendant had fulfilled his duty in that regard.

So far as concerns the question whether the deceased, knowing the insecure character of the way, assumed the risk was certainly a question for the jury. Reilly v. Troy Brick Co., 184 N. Y. 399, 77 N. E.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

385; Clark v. N. Y. C. & H. R. R. R. Co., 191 N. Y. 416, 84 N. E. 397.

The judgment appealed from must be reversed, and a new trial granted, with costs to appellant to abide the event.